Battle, J.
 

 ¥e are clearly of opinion that the note which was guaranteed by the defendant to the plaintiff, ought to have been produced on the trial, or its absence properly accounted for. That is admitted to be the general rule', and there is no principle upon which this case can be taken out of it. The record of the suit in Tennessee is no evidence of the' existence and contents of the note as against the present defendant, because he was no party to it. But it is contended that the note is filed among the records of the suit in Tennessee, and that the plaintiff will be without remedy, unless he can prove the note by the production of the transcript of the record of that suit. The obvious reply is, that it does not appear that he could not obtain the note itself under an order of the Court, allowing him to withdraw it upon leaving a copy, according to a well established practice in this State. If such a course were shown to be against the practice of the courts in Tennessee, then our courts would admit secondary evidence of the making and contents of the note. The deposition of the clerk of the court in Tennessee, among the records of which the note is filed, might be taken, and he could annex to it a copy of the note, which together with other testimony to identify it, &c., would prove all that would be established by the production of the note itself. Eorthe want of such proof, to account for the absence of the uote, and to show its existence and contents, the judgment of nonsuit was proper, and must be affirmed.
 

 Pee Oueiam, Judgment affirmed.